UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CAROL LEONARD,

                Plaintiff,

vs.                             Case No. 2:08-cv-871-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.
_____

**OPINION AND ORDER**

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #20) filed on November 10, 2009, recommending that the decision by the Commissioner of Social Security (the "Commissioner") to deny social security disability insurance benefits be affirmed. Plaintiff Carol Leonard filed Objections (Doc. #25) on December 29, 2009, to which defendant filed a Response (Doc. #26) on January 11, 2010.

**I.**

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.

Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158. Even if the evidence preponderates against the Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

## II.

The ultimate issue in this case is whether substantial evidence supports the Commissioner's decision that plaintiff was not disabled during an approximately seven-week period in late 1997. Plaintiff claims she was disabled from November 11, 1997--the day after an Administrative Law Judge's (ALJ) decision finding her not disabled on a prior application--through the December 31, 1997, expiration of her insured status.

Some procedural history is necessary to understand the issues, and the Court adopts the Procedural History section of the Report and Recommendation (Doc. #20, pp. 2-3). Plaintiff filed her first application for social security disability insurance benefits in

1992, which was denied both initially and upon reconsideration. On November 10, 1997, ALJ William J. Kogan issued what became a final decision on that claim, finding that plaintiff could perform her past relevant work as a telemarketer and was therefore not disabled.

In February 2002, plaintiff filed her current application for disability insurance, asserting disability from November 11, 1997 through December 31, 1997, which was denied both initially and upon reconsideration. On July 28, 2004, ALJ Joseph G. Dail, Jr. issued what became a final decision on that claim, finding that plaintiff could return to her past relevant work as a telemarketer during this new time period, and therefore was not disabled.

Plaintiff filed a civil action in the district court challenging ALJ Dail's decision (Case No. 2:05-cv-499). On March 30, 2007, a district judge found that there was substantial evidence upon which the ALJ could conclude that plaintiff's telemarketing experience should be considered substantial gainful activity and classified as past relevant work. The district judge reversed and remanded the matter to the Commissioner, however, to: (1) resolve, pursuant to Social Security Ruling 00-4p, a conflict between the Dictionary of Occupational Titles (DOT) and the testimony of a vocational expert, (2) reconsider whether plaintiff is capable of performing her past relevant work, and (3) conduct any other proceedings deemed appropriate.

On remand, the Appeals Council acts on behalf of the Commissioner and may either decide the case itself or further remand the case to an ALJ with instructions "to take action and issue a decision" or return a recommended decision to the Appeals Counsel. 20 C.F.R. § 404.983. In this case, the Appeals Council vacated ALJ Dail's final decision and remanded to the ALJ "for further proceedings consistent with the order of the [district] court." (Tr. 658.) The Appeals Council also stated: "In compliance with the above, the Administrative Law Judge will offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record and issue a new decision." (Tr. 658.)

An ALJ is required to "take any action that is ordered by the Appeals Council." 20 C.F.R. § 404.977(b). Additionally, an ALJ in such an administrative remand "may take any additional action that is not inconsistent with the Appeals Council's remand order." Id. Further, the pertinent regulation provides that in such a remand proceeding, "[a]ny issues relating to [claimant's] claim may be considered by the administrative law judge whether or not they were raised in the administrative proceedings leading to the final decision in [claimant's] case." 20 C.F.R. § 404.983.

The remanded matter was assigned to ALJ Francis H. Ayer, who obtained additional evidence and conducted an evidentiary hearing on January 23, 2008. At the hearing, there was discussion between ALJ Ayer and plaintiff's counsel regarding whether ALJ Kogan's

-4-

decision had been reopened by ALJ Dail, and whether ALJ Ayer would or should hear evidence and consider issues which had not been specifically remanded by the district court. (Tr. 858-64.) ALJ Ayers agreed to take plaintiff's evidence as a proffer and to then decide whether the additional matters would be determined pursuant to the court's remand. (Tr. 864.) On July 7, 2008, ALJ Ayer filed what became the final decision of the Commissioner. (Tr. 648A-48J.)

Administrative Law Judge Ayer found that ALJ Dail had not reopened ALJ Kogan's decision, but had made a limited, independent determination related to the new time period (Tr. 648E). Administrative Law Judge Ayer recognized that, pursuant to 20 C.F.R. § 404.955, he was allowed to revise the findings of fact from a first claim in deciding a second claim, but found "no reason to exercise this entirely discretionary option." (Tr. 648E.) Administrative Law Judge Ayer then stated that the period he would address "[would] only begin as of November 1, 1997." (Tr. 648F.)

In addressing this time period, ALJ Ayer stated that "as per the order from the United States District Court Judge, the only remaining issue for this period since November 11, 1997 regards the claimant's ability to perform her past relevant work." (Tr. 648F.) Administrative Law Judge Ayer found no reason to relitigate matters determined by ALJ Dail which had not been remanded, including plaintiff's severe impairments, the inapplicability of the Listings, and plaintiff's residual functional capacity (Tr. 648F).

Administrative Law Judge Ayer adopted and incorporated the first five findings of fact made by ALJ Dail, as well as the corresponding analysis as to each finding. (Tr. 648F n.1; 648H-48I.)

The issues identified and addressed by ALJ Ayer (see Tr. 648F) were tailored only to the issues remanded by the district court and did not revisit the underlying issue of whether telemarketing qualified as past relevant work. Indeed, ALJ Ayer specifically stated that the district court had found substantial evidence to determine that plaintiff had past relevant work as a telemarketer, and that he found no reason to determine otherwise. (Tr. 648I.)

As to the remanded issues, ALJ Ayer found that plaintiff "was able to perform her past relevant work as a telemarketer through the date last insured December 31, 1997," (Tr. 648I) specifically addressing and resolving the differences between the testimony of the vocational expert and the DOT. (Tr. 648I-J.) Administrative Law Judge Ayer found at Step 4 of the sequential evaluation process that plaintiff had the residual functional capacity to perform her past relevant work as a telemarketer from November 11, 1997 through December 31, 1997, and therefore was not disabled. (Tr. 648J.)

After exhausting administrative remedies, plaintiff then filed the instant case challenging ALJ Ayer's decision. The Report and Recommendation recommends affirmance of that final decision, to which plaintiff objects. The Court will address plaintiff's objections in the order in which she presents them.

### A. Reopening ALJ Kogan's Final Decision:

Plaintiff argues that her position was misunderstood by the magistrate judge, who stated in her Report and Recommendation that plaintiff was asserting that ALJ Ayer essentially "reopened the case." (Doc. #20, p. 12.) Plaintiff asserts that she does not claim that the taking of new evidence by ALJ Ayer caused a reopening of the case before ALJ Kogan, and that she does not seek to reopen ALJ Kogan's final decision as to her lack of disability on and before November 10, 1997. (Doc. #25, p. 7.) The Court will therefore accept plaintiff's position on this matter as given. Having accepted this position by plaintiff, the Court will accordingly reject those of plaintiff's other arguments which indeed appear to advocate a reopening and reconsideration of ALJ Kogan's final decision. (See Doc. #25, p. 8 n.7; pp. 9-10.) The Court agrees with the Report and Recommendation that ALJ Ayer neither expressly nor implicitly reopened the final decision of ALJ Kogan.

### B. *Res Judicata*:

Plaintiff next argues that the Report and Recommendation incorrectly states that the Commissioner had raised the issue of *res judicata* in this case, when in fact, the Commissioner raised only the issue of collateral estoppel in his responsive brief. In any event, plaintiff argues, the Commissioner has waived both *res judicata* and collateral estoppel by failing to raise either as an

affirmative defense in his Answer.  Additionally, plaintiff argues that *res judicata* does not apply to the unadjudicated time period now before the Court because that period was never adjudicated by ALJ Kogan and ALJ Dail's decision had been vacated by the Appeals Council.  (Doc. #25, pp. 8-10.)

In light of plaintiff's clarification and disavowal of any argument that ALJ Ayer reopened ALJ Kogan's final decision, the issues of *res judicata* and collateral estoppel become surplusage. The relevant finding by ALJ Kogan remains as stated: that plaintiff was not disabled prior to November 10, 1997, because she could perform her past relevant work as a telemarketer.  The issue before ALJ Ayer concerned the following seven-week period: whether plaintiff was disabled between November 11 and December 31, 1997. Administrative Law Judge Dail had decided that plaintiff was not disabled during this time period because she could perform her past relevant work as a telemarketer.  This determination was upheld by the district court.  Since the Appeals Council vacated ALJ Dail's decision and required ALJ Ayer to render a "new decision," neither collateral estoppel nor *res judicata* can apply to ALJ Ayer's treatment of ALJ Dail's decision.  As discussed below, the Court finds that ALJ Ayer correctly refrained from reconsidering the past relevant work determination affirmed by the district court, but relies on grounds independent of either *res judicata* or collateral estoppel principles to do so.

**C. Past Relevant Work:**

Plaintiff argues that because ALJ Ayer permitted counsel to revisit the findings of fact regarding plaintiff's past relevant work, any new evidence submitted at the hearing must have been considered and evaluated. (Doc. #25, pp. 6, 9.) Plaintiff argues that "the ALJ in his discretion did in fact allow the new evidence to be admitted. The mistake he made was in determining after taking that evidence that he should ignore it no matter how significant the evidence was." (Doc. #25, p. 7.) Plaintiff asserts that when this new evidence is considered, it is clear that her telemarketing activities do not constitute past relevant work. (Doc. #25, pp. 10-17.)

On remand, the Commissioner is required to follow the district court's remand order in the subsequent administrative proceeding; deviation from the district court's order is itself legal error subject to reversal on further judicial review. <u>Sullivan v. Hudson</u>, 490 U.S. 877, 886 (1989). Since the Commissioner prevailed on the issue of whether plaintiff's telemarketing constituted past relevant work, the Court's remand order did not require that the Commissioner reconsider this matter. Thus, it is not clear that the Appeals Council was required to vacate the entire decision by ALJ Dail and require an entirely new decision by ALJ Ayer. The Commissioner, however, does not argue that there was a deviation from the district court's remand order. In any event, the district court's remand order does not forbid such reconsideration, which

-9-

would clearly be allowed under the order as part of the provision for "any other proceedings" the Commissioner deemed appropriate. Further, unless the district court's order forbade such a proceeding (which it did not in this case), the Commissioner had the authority to reconsider such a determination without the permission of a federal court. 20 C.F.R. § 404.983.

But the vacation of ALJ Dail's decision and the direction to render a "new decision" consistent with the district court's remand order does not require the reopening of other matters decided by ALJ Dail. By regulation, that is a matter within the ALJ's discretion. 20 C.F.R. § 404.983. Administrative Law Judge Ayer clearly adopted ALJ Dail's underlying determination as to past relevant work as a component of the "new decision" he was required to submit, without reopening consideration of such underlying, non-remanded findings of fact. This was within ALJ Ayer's discretion.

Plaintiff argues, however, that this normal discretion was eliminated in this case because ALJ Ayer allowed plaintiff to make a proffer of the testimony. Having done so, plaintiff asserts, ALJ Ayer was required to actually consider and evaluate what he heard, instead of simply reserving judgment on the threshold issue of whether he would reconsider the underlying determination. The Court does not find this argument persuasive.

The procedure employed by ALJ Ayer, of allowing a proffer and then deciding whether he would reconsider the past relevant work determination, was reasonable and does not result in the type of

"Catch-22" situation proposed by plaintiff. A judge who allows the proffer of evidence in order to make a determination of whether to consider that evidence is not then bound to consider that evidence by virtue of having allowed the proffer. Allowing a proffer prior to ruling on an issue has long been a proper procedure. <u>Chase Manhattan Bank v. First Marion Bank</u>, 437 F.2d 1040, 1049 n.6 (5th Cir. 1971)[1] ("In this non-jury action, the District Judge correctly allowed Chase to proffer evidence before ruling as to admissibility"). Administrative Law Judge Ayer was not required to take evidence on issues outside the scope of the remand, and the Court finds no abuse of discretion in either his process or his decision not to consider the proffered evidence.

**D. Vocational Expert:**

Plaintiff argues that the magistrate judge erred in finding that the vocational expert's testimony in this case was reliable, erred in not finding that the vocational expert's testimony was consistent with a finding of disability, and erred in finding that vocational expert testimony always trumps the DOT. (Doc. #25, pp. 17-25.) After full review of the record, the Court disagrees with each of these objections. The Commissioner complied with the remand order of this court and with SSR 00-04p by obtaining a reasonable explanation of the differences between the vocational

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

expert's testimony and the DOT.  The magistrate judge's statement--"Under the Eleventh Circuit's decision in Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999), the [vocational expert's] determination trumps the DOT description of the job"--remains a correct statement of the law.  Miller v. Comm'r of Soc. Sec., 246 Fed. Appx. 660 (11th Cir. 2007).  The Court also agrees that the vocational expert's testimony was reliable, and therefore adopts the findings of the Report and Recommendation concerning the testimony of the vocational expert.  (Doc. #20, pp. 15-20.)

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #14) is **ACCEPTED and ADOPTED** by the Court, as **modified and supplemented** by this Opinion and Order.

2.  The Decision of the Commissioner of Social Security is **AFFIRMED.**

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of January, 2010.

                                      JOHN E. STEELE
                                      United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record